# RICHARD CARDINALE
ATTORNEY AT LAW
26 COURT STREET, SUITE 1815
BROOKLYN, NEW YORK 11242
(718) 624-9391

Facsimile: (718) 624-4748
E-mail: richcardinale@gmail.com

March 28, 2011

The Honorable Andrew L. Carter
United States Courthouse
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re:  *McNeil v. City of New York, et al*., 10 CV 2630 (SJ) (ALC)

Your Honor:

      I represent the plaintiff in this civil rights action.  I request that the Court rule on a discovery dispute that the parties are unable to resolve informally.

      I request that Your Honor order the two defendant police officers to produce their Civilian Complaint Review Board ("CCRB"), Internal Affairs Bureau ("IAB") and police disciplinary records concerning allegations of unlawful stops, seizures and arrests, excessive force, retaliation, fabrication of evidence, making of false statements, and dishonesty and corruption regardless of whether those allegations were substantiated and regardless of when the allegations were made.

      Numerous judges in other cases have ordered production of CCRB, IAB, and disciplinary records of allegations similar to the allegations made in a complaint as well as the making of false statements, regardless of whether those allegations were substantiated and regardless of when the allegations were made.  See *Pacheco v. City of New York*, 234 F.R.D. 53 (E.D.N.Y. 2006) (Pohorelsky, M.J.) (ordering production of records relating to substantiated and unsubstantiated allegations of misconduct); *Barrett v. City of New York*, 237 F.R.D. 39 (E.D.N.Y. 2006) (Matsumoto, J.) (same); *Frails v. City of New York*, 236 F.R.D. 116 (E.D.N.Y. 2006) (Reyes, M.J.) (same); *Black v. City of New York*, No. 06 CV 0523, Slip. Opin., (E.D.N.Y. Sept.19, 2006) (Orenstein, M.J.) ("I direct the defendants to produce any CCRB, IAB, or disciplinary records of allegations relating to false arrests, illegal strip searches, malicious prosecution, and fabrication of evidence, regardless of whether those allegations were substantiated and regardless of when the allegations were made."); *Gibbs v. City of New York*, No. 06 CV 13534, 2007 WL 1573953, at *2 (S.D.N.Y. May 30, 2007) (same); *Bradley v. City of New York*, No. 04 CV 8411, 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005) ("We emphatically reject defendants' contention that 'unsubstantiated' complaints should … not be ordered produced"); *Reyes v. City of New York,* No. 00 CV 2300, 2000 WL 1528239, at *2 (S.D.N.Y. Oct. 16, 2000) ("Defendants cite no authority … to substantiate their position that an accusation against an individual must be proven before the fact of that accusation must be

disclosed pursuant to an otherwise valid discovery request. Although a CCRB finding that a complaint was 'Unfounded' or 'Unsubstantiated' may be relevant to an accusation's admissibility at trial, plaintiffs should be afforded the opportunity to review the file."); *Harper v. Port Authority*, No. 05 CV 5534, 2006 WL 1910604, at *2 (S.D.N.Y. July 10, 2006); *Fountain v. City of New York,* No. 03 CV 4526, 2004 WL 941242, at **1-3 (S.D.N.Y. May 3, 2004), *clarified by Fountain v. City of New York,* 2004 WL 1474695 (S.D.N.Y. June 30, 2004); *Williams v. McCarthy*, No. 05 CV 10230, WL 3125314, at **5-7 (S.D.N.Y. Oct. 25, 2007); *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997); *Malsh v. New York City Police Dep't.*, No. 92 CV 9273, 1995 WL 217507, at **1-2 (S.D.N.Y. April 11, 1995); *Castro v. City of New York*, No. 94 CV 5114, 1996 WL 355378, at *1 (S.D.N.Y. June 27, 1996).

In addition to trial courts, the Second Circuit has commented on the relevance of unsubstantiated civilian complaints. *See Fiacco v. City of Rensselaer*, 783 F.2d 319, 328 (2d Cir. 1986), *cert. denied*, 480 U.S. 922 (1987) ("Whether or not the claims had validity, the very assertion of a number of such claims put the City on notice that there was a possibility that its police officers had used excessive force"); *Vann v. City of New York,* 72 F.3d 1040, 1045 (2d Cir. 1995) (NYPD official acknowledged "that the very fact that an unusual number of civilian complaints had been filed, *without regard to how they were ultimately resolved*, could create concern that the officer was experiencing psychological problems and was suffering from stress that caused him to escalate minor situations into major confrontations") (emphasis added).

Finally, the age of the complaints "does not render the records less likely to lead to relevant or admissible evidence." *Barrett*, 237 F.R.D. at 41 (citing *Frails*, 236 F.R.D. at 118, citing *Bradley,* 2005 WL 2508253, at *2 (S.D.N.Y. 2005) (pattern of complaints over twenty year period is "highly relevant")).

For the foregoing reasons, I request that Your Honor order the two defendant police officers to produce their CCRB, IAB and disciplinary records concerning allegations of unlawful stops, seizures and arrests, excessive force, retaliation, fabrication of evidence, making of false statements, and dishonesty and corruption regardless of whether those allegations were substantiated and regardless of when the allegations were made.

                    Respectfully,

                    */s/*

                    Richard J. Cardinale

Copy: Suzanna Publicker