

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SUZANNA PUBLICKER**
phone: (212) 788-1103
fax: (212) 788-9776
email: spublick@law.nyc.gov

March 31, 2011

**BY ECF**
Honorable Andrew L. Carter
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: McNeill v. City of New York et al., 10 CV 2630 (SJ) (ALC)

Your Honor:

  I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York assigned to represent defendants in the above-referenced case. Defendants write in response to plaintiff's letter dated March 28, 2011, requesting that the Court order defendants to produce the entirety of the defendant officers' disciplinary records. Defendants respectfully request that Your Honor deny plaintiff's application.

  By way of background, on or about September 28, 2010 plaintiff served defendants with discovery requests demanding unfettered production of the individually named defendant officers' disciplinary history.[1] In their responses, dated November 4, 2010, defendants objected to plaintiff's discovery demands since, among other things, such demands sought production of information reflecting charges of misconduct which were unsubstantiated, did not result in a finding of misconduct, involved allegations of a dissimilar nature to plaintiff's allegations, called for the production of information reflecting charges that predate the alleged incident by more than ten years, and to the extent that the sought-after disciplinary records were beyond the scope of F.R.C.P. 26 since the documentation would not lead to the discovery of admissible evidence. Nonetheless, defendants stated that, subject to the execution of an appropriate Stipulation and Protective Order, they would produce disciplinary information for the defendant officers for the ten-year period preceding the incident, to the extent that it concerns allegations similar to those in this action, namely false arrest, malicious prosecution, and excessive force, and also false statements.[2] Defendants reiterated their position to plaintiff on a number of occasions after

---

[1] Plaintiff's requests were premature; therefore, defendants assumed service on the date of the initial conference, which was October 5, 2010.

[2] Defendants assert that a ten-year limitation on this information is appropriate because incidents beyond that period are too remote and tenuous to be admissible at trial, and therefore, should not be discoverable by plaintiff. Support for a ten year limitation can be found in the way the Federal Rules of Evidence deals

Continued…

service of their discovery responses. Plaintiff, however, rejected defendants' proposal and instead filed the instant application.

As an initial matter, based upon a review of the Civilian Compliant Review Board ("CCRB"), Internal Affairs Bureau ("IAB"), and other internal New York City Police Department records, the undersigned has found no substantiated allegations of misconduct of a similar nature to plaintiff's allegations by either of the defendant officers. Nor did the undersigned find any substantiated allegations concerning the making of a false statement. Indeed, neither officer has any substantiated allegations of any type in their disciplinary records.[3]

That being said, defendants urge the Court to deny plaintiff's request for the entirety of defendants' disciplinary information since unsubstantiated allegations of misconduct and/or allegations that are attenuated in time or dissimilar in subject matter are irrelevant and not discoverable. Based on Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party is entitled to discovery as to a matter that is not privileged and that is relevant to a claim or defense of a party. Furthermore, in a Section 1983 action, complaints of misconduct, such as CCRB complaints are generally only discoverable if they are substantiated. *See, e.g., Sealey v. Fishkin,* 1998 U.S. Dist. LEXIS 20142, at *9-10 (E.D.N.Y. Dec. 2, 1998)(unsubstantiated CCRB files fail as a matter of law to prove "deliberate indifference by the City to the need for any further training of this officer in particular or police officers in general"); *Smith v. Burkat,* 03 CV 2923, (S.D.N.Y. Oct. 4, 2004)(rejecting motion to compel production of CCRB files); *Mingues v. Bezio,* 1999 U.S. Dist. LEXIS 12976, at *3-4 (S.D.N.Y. Aug. 19, 1999)(unrelated disciplinary history not discoverable); *Haya v. City of New York,* 03 CV 7754 (PKL), 1995 U.S. Dist. LEXIS 7020, at *2 (S.D.N.Y. May 24, 1995)(CCRB files not relevant because of dissimilar nature of allegations and fact that incidents took place more than eight years prior to the date of incident at issue).

Significantly, here, plaintiff has not explained how the wholesale production of the defendant officers' disciplinary information is relevant or necessary to *this* litigation, or how said information could lead to the discovery of information relevant to the instant litigation or be admissible at trial. *See King v. Conde,* 121 F.R.D. 180, 194-95 (E.D.N.Y. June 15, 1998). Nor has plaintiff shown that she cannot prove her case without the requested information. *Id.* at 195. In short, plaintiff has not demonstrated any need whatsoever for the sought after-documents. Defendants can only assume that plaintiff intends to use such information as evidence of prior bad acts. However, such evidence is clearly precluded under Rule 404(b) of the Federal Rules of Evidence since the only use of the evidence would be to demonstrate that the officers have a propensity to falsely arrest, maliciously prosecute, and/or subject an arrestee to excessive force.

---

with criminal convictions. *See* F.R.E. 609 (a)(b)(convictions more than ten years old not admissible). It can also be found in holdings regarding the potential admissibility of non-criminal issues. *See United States v. Paredes,* 99 CR. 290 (PKL), 2001 U.S. Dist. LEXIS 18862, at *3-4 (S.D.N.Y. Nov. 19, 2001)(psychiatric condition from ten years ago irrelevant and inadmissible).

[3] For the Court's information, the undersigned notes that there appear to be ongoing IAB investigations concerning each defendant officer. Defendants contend that said investigations are likely subject to the law enforcement privilege. This office is in the process of obtaining additional information regarding these pending investigations.

Accordingly, such evidence would not be admissible at trial, and therefore, should not be discoverable. *See Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991)(upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence).

To the extent that plaintiff seeks this information to prove a claim for municipal liability, courts in this Circuit have typically limited discovery to substantiated complaints—as contrasted with the unsubstantiated allegations sought here—to prove such a claim. *See Mull v. City of New York*, 2010 U.S. Dist. LEXIS 48399, 1-2 (S.D.N.Y. Apr. 30, 2010)("production [of unsubstantiated allegations of misconduct] would run afoul of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009), because it seeks information to construct a *Monell* claim rather than to support a plausibly pleaded *Monell* claim."). *See also Sealey v. Fishkin,* 96 CV 5303 (RR), 1998 U.S. Dist. LEXIS 20142, at *9-10 (unsubstantiated CCRB files fail as a matter of law to prove "deliberate indifference by the city to the need for any further training of this officer in particular or police officers in general"); *Marcel v. City of New York,* 88 CV 7017 (LLS), 1990 U.S. Dist. LEXIS 4094, at *23-24 (S.D.N.Y. Apr. 10, 1990)("[u]nsubstantiated CCRB reports do not demonstrate a breach of a municipality's duty to train or supervise its police").

Nevertheless, in the event that Your Honor grants plaintiff's motion, defendants respectfully request that they be permitted to redact the names, addresses, telephone numbers, dates of birth, and other personal identifying information of complainants and civilian witnesses, as well as names, tax identification numbers and other personal identifying information of party and non-party members of the New York City Police Department, in order to protect the privacy and security interests of those individuals. *See National Congress for Puerto Rican Rights v. City of New York,* 194 F.R.D. 88, 97 (S.D.N.Y. 2000). Defendants also request that they be permitted to redact medical records, ambulance call reports, line of duty injury reports, and other similar information that implicates the privacy interests of the individuals involved and that are protected by the provisions of the Health Insurance Portability & Accountability Act, 45 C.F.R. §164.512 ("HIPAA"), or other applicable federal or state laws or regulations.

Based on the foregoing, defendants respectfully request that Your Honor deny plaintiff's application seeking the entirety of the defendant officers' disciplinary information. Defendants respectfully submit that any ordered production of defendants' disciplinary history be limited to substantiated allegations of a similar nature, as well as allegations involving false statements, for the ten-year period prior to the incident, subject to the execution and Court-endorsement of a Stipulation and Protective Order.

Thank you for your consideration of the application herein.

    Sincerely yours,

    /s/

    Suzanna Publicker
    Assistant Corporation Counsel
    Special Federal Litigation Division

**cc:** **BY ECF**
    Richard Cardinale, Esq.